JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-7179
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| XIUFEN DU-PHILLIPS, | CIVIL NO. CV13 00078 RLP |
| Plaintiff, | COMPLAINT; EXHIBIT "A and B"; SUMMONS |
| vs. | |
| REVENUE CYCLE MANAGEMENT, LLC. | |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

### INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act. Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of the State of Hawaii.

4. Defendant is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

## FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6. On December 27, 2012, Defendant's employee spoke with Plaintiff and demanded money from Plaintiff on an alleged debt.

7. At that time, Plaintiff told Defendant that she did not owe that debt.

8. On or about January 23, 2013, Defendant sent its first collection letter to Plaintiff. A true and correct copy of that letter is attached hereto as Exhibit "A".

7. The above letter was sent by Defendant and not by Joseph W. Lee, Esq.

8. On February 1, 2013, Plaintiff's counsel faxed and mailed a letter to Defendant disputing the debt and notifying Defendant not to contact Plaintiff directly. A true copy of that letter is attached hereto as Exhibit "B".

9. On February 7, 2013, Defendant called Plaintiff on her cell phone demanding payment of the debt.

10. Plaintiff told Defendant that she was at work and could not talk at that time and also told Defendant that they should call her attorney.

11. Defendant's employee said that she did not want to talk to Plaintiff's attorney.

12. Plaintiff again said that she could not talk at that time since she was at work and said that Defendant already had a letter from her attorney.

13. Defendant's employee again said that she did not want to talk to Plaintiff's attorney and she continued the conversation asking for information about Plaintiff and attempting to collect the debt.

14. Eventually Plaintiff hung up the phone.

15. Though Defendant was aware that Plaintiff was represented by counsel, Defendant continued to contact Plaintiff directly and demanded payment directly from Plaintiff.

16. The underlying debt was incurred primarily for personal, family, or household purposes.

COUNT I

17. Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint.

18. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

(d) Defendant has violated 15 U.S.C. §1692c.

COUNT II

19. Plaintiff realleges and incorporates paragraphs 1 through 18 of this Complaint.

20. Defendant has violated Chapter 443B and 480 of the Hawaii Revised Statutes as alleged above.

21. Defendant's violations of the Fair Debt Collection Practices Act and/or H.R.S. Chapter 443B constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

22. Defendants' contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480. The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

23. Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff her actual damages as will be proved.

2. Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1000.00.

AS TO ALL COUNTS

4. Award Plaintiff reasonable attorneys' fees and costs.

5. Award Plaintiff other appropriate relief.

DATED: Honolulu, Hawaii, February 15, 2013.

JOHN HARRIS PAER
Attorney for Plaintiff